

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# Stremba v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1916

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stremba v. Comm Social Security" (2006). *2006 Decisions.* Paper 1529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-1916

————

LAWRENCE M. STREMBA,
                                    Appellant

v.

* JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

(*Substituted pursuant to FRAP Rule 43(c))

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No.01-cv-01066)
District Judge: Honorable A. Richard Caputo

————

Submitted Under Third Circuit LAR 34.1(a)
February 28, 2006

Before: SLOVITER, FUENTES, Circuit Judges, and BRODY,* District Judge

(Filed:  February 28, 2006)

OPINION

————

————

* Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Lawrence M. Stremba ("Stremba") appeals from the order and judgment of the United States District Court for the Middle District of Pennsylvania, affirming the final decision of the Commissioner of Social Security denying Stremba's application for disability benefits. The Administrative Law Judge ("ALJ") held a hearing at which Stremba was represented by counsel and found that Stremba was not disabled on or before March 31, 1999, the date he was last insured for disability purposes.

The ALJ evaluated Stremba's claim using the five-step test set out in 20 C.F.R. § 404.1520. Stremba, who was born in 1949, graduated from high school, and was previously employed as a truck-driver and laborer. The evidence shows Stremba has dysthymia, substance abuse in remission, borderline intellectual functioning, degenerative disc disease of L3/4 and L4/5 and radiculopathy. The ALJ determined Stremba's impairments to be severe when considered in combination, but not severe enough to preclude substantial gainful activity. At the fourth step, the ALJ determined that Stremba's impairments imposed physical limitations that prevented him from performing any of his past relevant work. However, after hearing evidence from an impartial psychological expert and a vocational expert, the ALJ determined that Stremba retained the capacity to perform light unskilled work such as a machine tender, a hand trimmer, a parking lot attendant, a cashier, and a counter attendant, all of which are jobs that the ALJ found exist in significant numbers in the national economy.

Although the evidence showed that Stremba was not to climb, crawl, reach above

2

shoulder level, push or pull with the lower extremities, and that he should avoid temperature extremes, excessive vibrations, fumes, odors, dusts, gases, poor ventilation, and hazards such as unprotected heights and moving machinery, he retained the capacity to lift and carry up to 10 pounds frequently and up to 20 pounds occasionally, provided he alternated sitting or standing at will. The ALJ also took into account Stremba's borderline intellectual functioning and limited him to simple, routine, and repetitive type jobs.

In spite of his complaints, Stremba is able to perform light household chores, cook, drive, and watch television. The ALJ found Stremba's subjective complaints to be overstated and not wholly reliable. Accordingly, The ALJ found Stremba was not disabled. The Appeals Council denied Mr. Stremba's request for review, making the ALJ's decision the final decision of the Commissioner.

Stremba filed a civil action seeking judicial review of the Commissioner's final decision. The Magistrate Judge issued a report recommending that the Commissioner's decision be affirmed, and the District Court issued a memorandum and order granting the Commissioner's motion for summary judgment.

Stremba raises two issues on appeal to this court. He contends that his impairments medically equal a listed impairment because the medical expert testified without contradiction that Stremba's impairments equal listing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. Stremba also argues that the ALJ erred when he formulated the hypothetical question to the vocational expert, where the ALJ failed to

3

include the stipulation that if Stremba had to be retrained, he would be disabled in psychiatric terms, as testified to by the medical expert.

Stremba's first contention is that the combination of his back distress along with his lower IQ equals a listing 12.05 of mental retardation. He relies on the opinion by Dr. Anthony Galdieri, the impartial psychological expert, who testified that Stremba met or equaled listing 12.05.

In order for a claimant to prove medical equivalence under 20 C.F.R. § 404.1526(a), s/he must proffer medical findings which are equal in severity to all the criteria for the one most similar listed impairment. Sullivan v. Zebley, 493 U.S. 521, 530-531 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id. Section 12.05 of Subpart P, Appendix 1, defining mental retardation, has essentially two parts. In the first part, a claimant must prove "subaverage general intellectual functioning with deficits in adaptive functioning" manifesting before age 22. In the second part, the claimant must show that any one of four criteria satisfies the required severity.

Here, Stremba has produced no evidence that his mental impairment manifested before age 22 as required under the first part of § 12.05. Moreover, none of the results of the IQ tests that Stremba has taken show a valid verbal performance or full scale IQ of below 71. Thus, he is precluded from claiming incapacity under any of the four criteria. Moreover, the ALJ did not find that Stremba suffered from marked restriction of activities of daily living, marked difficulties in maintaining social functioning, marked difficulties

in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. Because the ALJ has final responsibility for the determination of whether a claimant's impairments meets or equals the requirements of any impairments in appendix 1, § 404.1527(e)(2), and because the ALJ's determination is supported by substantial evidence, we will uphold his determination in this respect.

Stremba's second contention is that the ALJ erred when he formulated the hypothetical question to the vocational expert. Stremba argues that the ALJ failed to include a limitation based on Dr. Galdieri's opinion that if Stremba had to be retrained, he would be disabled in psychiatric terms. This contention, too, fails.

A "vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." Podedworny v. Harris, 745 F. 2d 210, 218 (3d Cir. 1984). In order for the hypothetical to be an "accurate[] portray[al]," it must reflect all of the claimant's impairments. Id. However, "all impairments" means only those that are medically established. Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). "Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible." Id. Of course, credibility determinations are to be made by the ALJ. See § 404.1527.

Stremba's contention here is closely related to his contention above. Dr. Galdieri's opinion was that Stremba's borderline intelligence coupled with medical issues that

5

would prevent him from doing what he had done in the past would constitute a disability if he had to be retrained. This was a medical opinion of impairment under § 12.05. However, Dr. Galdieri's testimony is not medically supported. Indeed, the testimony of Stremba's own psychologists points to the conclusion that, although he is a slow learner with a borderline IQ, there is nothing about a retraining period for a new job that would result in a psychiatric disability. Ultimately, the final determination of impairment under § 12.05 is a legal one, not a medical one. Once the ALJ had determined that Stremba's impairment did not meet or equal the requirements of § 12.05, there was no need for him to include Dr. Galdieri's opinion about Stremba's disability under that provision in the hypothetical to the vocational expert.

Because our review of the record persuades us that substantial evidence supports the ALJ's determination that Stremba is not disabled under the meaning of the Act, we will affirm the judgment of the District Court.

_____